The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES AVIATION UNDERWRITERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TS CORPORATION f/k/a TEIJIN SEIKI COMPANY, LTD., a Japanese corporation; TEIJIN SEIKI AMERICA, INC., a Washington corporation; NABTESCO AEROSPACE, INC., a Washington corporation; CESSNA AIRCRAFT COMPANY, a Kansas corporation; DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. C05-0899C <br><br> ORDER |

I.  INTRODUCTION

This matter has come before the Court on Defendant Cessna's Motion to Compel Arbitration Against TS Corporation (Dkt. No. 30). Having considered the papers filed by the parties regarding the motion, and the remainder of the record, the Court hereby GRANTS the motion.

ORDER - 1

## II. BACKGROUND

Plaintiff United States Aviation Underwriters ("USAU") brought this action to recover repair costs arising from a September 9, 2003 incident in which the nose landing gear of a Cessna business jet collapsed on landing. In or about April 2006, the Court received oral notice from counsel for the Nabtesco defendants (TS Corporation, Teijin Seiki America, and Nabtesco Aerospace) that the matter had been settled. The record contains a letter indicating that the actual settlement occurred on March 31, 2006. (Ex. A to Opp'n.) However, the parties' stipulation and proposed order of dismissal was not received by the Court until May 12, 2005.

In the meantime, Cessna, also a defendant in this case, filed its motion to compel TS Corporation to participate in an arbitration proceeding also arising from the underlying incident in this lawsuit. TS Corporation will be referred to as Nabtesco Japan, and its wholly-owned American subsidiary, Teijin Seiki America, shall be referred to as Nabtesco U.S.

## III. ANALYSIS

The Federal Arbitration Act ("FAA") provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. "Federal substantive law governs the question of arbitrability." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). In general, "[t]he FAA embodies a clear federal policy in favor of arbitration." *Id*.

In the present case, Cessna signed a contract with Nabtesco U.S. which contained an arbitration clause. Nabtesco Japan was not a signatory to the contract. Pursuant to the arbitration clause in the contract, in 2004, Cessna initiated arbitration proceedings against Nabtesco U.S. related to the nosegear collapses at issue in this lawsuit. Nabtesco Japan has refused to participate in the arbitration on the

ORDER - 2

grounds that as a non-signatory to the Cessna-Nabtesco U.S. contract, it is not subject to the mandatory arbitration clause in that contract.

As a preliminary matter, the Court must determine whether the question of who is a proper party to an arbitration is an issue of arbitrability subject to federal substantive law. While the Ninth Circuit has not ruled on this precise issue, it has addressed whether a non-signatory to an arbitration agreement may submit a dispute to arbitration. *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986). In concluding that they may (under the right circumstances) the *Letizia* Court characterized the issue as one of arbitrability. *Id.* As such, it is governed by the "federal substantive law of arbitrability," *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), rather than state law, which should be applied to determine questions regarding "the validity, revocability, or enforceability of contracts generally," *Perry v. Thomas*, 482 U.S. 483, 493 n.9 (1987).[1] Since whether an entity is a party to a contract is not an issue of contract formation or validity, *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995), the issue of whether a non-signatory to an arbitration agreement may be compelled to participate in an arbitration is a question subject to federal substantive law.

The Ninth Circuit has adopted the principle put forth in other circuits that non-signatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles. *Letizia*, 802 F.2d at 1188. In the case at bar, Cessna advances three theories under which it argues Nabtesco Japan should be bound by the Cessna-Nabtesco U.S. arbitration agreement: (1) incorporation of the agreement by reference in Cessna-Nabtesco Japan agreements; (2) veil piercing/alter ego; and (3)

---

[1] Most circuit courts to have addressed this issue have found that the federal substantive law of arbitrability applies to the question of whether a non-signatory to an arbitration agreement may be bound to that agreement. *See, e.g.*, *Dominium Austin Partners, LLC v. Emerson*, 248 F.3d 720, 728 (8th Cir. 2001); *Grigson v. Creative Artists Agency LLC*, 210 F.3d 524, 527 (5th Cir. 2000); *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411 (4th Cir. 2000), *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 778 (2nd Cir. 1995), *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 756–58 (11th Cir. 1993), *Hughes Masonry Co. v. Greater Clark County Sch. Bldg. Corp.*, 659 F.2d 836, 838–39 (7th Cir. 1981). *But see Fleetwood Enter., Inc. v. Gaskamp*, 280 F.3d 1069, 1074–75 (5th Cir. 2002) (applying Texas state law).

ORDER - 3

estoppel. Because the Court finds that Cessna's incorporation by reference argument provides a solid basis upon which to bind Nabtesco Japan to the arbitration agreement, the Court need not address the latter two arguments.

Cessna argues that a contract signed by Nabtesco Japan in which Nabtesco Japan promised to "[ensure] all fabrication and processing operations are performed per the Purchase Order, Cessna Engineering Drawing, Cessna specifications, Outside Production Specification Sheet (OPSS), and Cessna's Quality Procurement Document (PD-100)" incorporates an arbitration agreement through its reference to the Purchase Order. (Mot. 7.) According to Cessna, the Purchase Order "expressly incorporate[s] the terms of the parties [sic] Master Agreements, all of which contain arbitration provisions." (*Id.*)

Although the language in the Cessna-Nabtesco Japan contract refers specifically to fabrication and processing operations and may not itself support a finding of express incorporation by reference, incorporation of one agreement into another "by reference" may be implicit.

> [I]n the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same contracting parties, for the same purpose, and in the course of the same transaction will be considered and construed together as one contract or instrument, even though they do not in terms refer to each other. The rule applies even where the parties to the instruments are not the same, so long as the writings form part of a single transaction and are designed to effectuate the same purpose.

11 WILLISTON ON CONTRACTS § 30:26 (4th ed. 2006). *See also*, *Gordon v. Vincent Youmans, Inc.*, 358 F.2d 261, 263 (2nd Cir. 1965) (discussing New York law, but cited by other courts in other states for this proposition); *In re Application for Water Rights of Town of Estes Park v. N. Colo. Water Conservancy Dist.*, 677 P.2d 320, 327 (Colo. 1984).

Here, the parties' motion papers and the record establishes that the agreements between Cessna, Nabtesco U.S., and Nabtesco Japan were all for the purpose of providing Cessna with Nabtesco nose landing gear. Nabtesco Japan does not dispute that prior to Cessna's final decision to purchase the gear in

ORDER – 4

1  question, Cessna primarily had contacts with Nabtesco Japan's design and engineering personnel.  The

2  constellation of agreements shaping the Nabtesco Japan-Nabtesco U.S.-Cessna relationship tended to

3  provide that Nabtesco Japan would handle the technical and design aspects of the relationship, while

4  Nabtesco U.S. would perform a more administrative function.  However, this does not change the fact that

5  this constellation of agreements had one common purpose and pertained to one "transaction."

6      For these reasons, the Court finds that Nabtesco Japan is bound by the arbitration clause by

7  implicit reference and must participate in the pending arbitration.

8  IV.    CONCLUSION

9      In accordance with the foregoing, the Court GRANTS Cessna's motion to compel Nabtesco Japan

10  to participate in the pending arbitration between Cessna and Nabtesco U.S., AAA No. 57 181 Y 00171

11  40ja.

12      The parties are directed to submit a final stipulation and proposed order of dismissal, signed by all

13  the parties, if they are still all so amenable, within ten (10) days of entry of this order.  In the event the

14  parties are unable to do so, they are directed to submit to the Court a joint explanation of the outstanding

15  issues.

16      SO ORDERED this 1st  day of June, 2006.

                                                   *John C. Coughenour*

                                         UNITED STATES DISTRICT JUDGE

ORDER – 5